UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WILLIAM PETERS,                                             CASE NO.:

    Plaintiff,

v.

CRYSTAL CRUISES, LLC,
a California limited liability company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM D. PETERS (hereinafter referred to as "Plaintiff" and/or "Peters"), sues Defendant CRYSTAL CRUISES, LLC, a California limited liability company, (hereinafter referred to as "Defendant" and/or "Crystal Cruises") and alleges:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff WILLIAM PETERS is a citizen and resident of the State of Colorado and is otherwise *sui juris*.

2. Defendant CRYSTAL CRUISES, LLC, is a California limited liability company, whose principal office is in Los Angeles, California but who is authorized to do business in Miami-Dade County, Florida, where it has a place of business and who is otherwise *sui juris*.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4. In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

5. Defendant, at all times material hereto, personally or through an agent:

  a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

  b. Was engaged in substantial activity within this state; and/or

  c. Operated vessels in the waters of this state; and/or

  d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

  e. The contract for carriage between Defendant and Plaintiffs requires that the venue for this action be in the United States District Court for the Southern District of Florida.

  6. Defendant is subject to the jurisdiction of this Court.

  7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

  8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel "*Symphony*".

  9. On Sunday, November 17th, 2019, Plaintiffs embarked on a seven (7) night voyage to the Western Caribbean aboard Crystal Cruises *Symphony* vessel, for a sailing out of the port of Miami, Florida.

  10. At the time of embarkation, Plaintiff was in good health and free from any infectious disease.

  11. Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters, from November 17th, 2019 until November 24th, 2019.

12. Plaintiff throughout his cruise vacation only consumed food and water that was provided by the Defendant.

13. On Thursday, November 21st, 2019, Plaintiff showed substantial symptoms of a foodborne disease that violently affected his intestinal tract. His symptoms included, but were not limited to, diarrhea, extreme abdominal pain and rectal bleeding, all common indicators of a *Salmonella* infection that is transmitted by improperly handled or cooked food, otherwise sometimes referred to as "food poisoning".

14. On Saturday, November 23rd, 2019, after continuously suffering from the foregoing symptoms of *Salmonella* in his cabin for more than forty-eight (48) hours, Plaintiff's spouse contacted Crystal Cruises *Symphony*'s medical staff who came to his assistance and transported him to the vessel's medical center for immediate care and assessment. By the time Plaintiff arrived at the vessel's medical center, his *Salmonella* symptoms had greatly advanced and he was suffering from extreme dehydration.

15. On Sunday, November 24th, 2019, at the request of Crystal Cruises Symphony's medical staff, Plaintiff was transported via air ambulance to the University of Miami Hospital in Miami, Florida, where he was admitted immediately to the Emergency Room with dehydration due to an acute onset of diarrhea.

16. On Monday, November 25th, 2019, Plaintiff underwent a stool culture analysis which confirmed a *Nontyphoidal Salmonella* infection.

17. Plaintiff was caused to be hospitalized for three (3) nights at the University of Miami Hospital until being discharged on Wednesday, November 27th, 2010.

18. Defendant and/or its agents, servants, and/or employees failed to properly and timely diagnose, assess, treat and/or take either preventive and proactive necessary measures to

minimize, reduce or eliminate the risks of spreading to the Plaintiff a symptom of *salmonella* and/or an undetermined bacterial infection.

19. On September 12, 2019, Centers for Disease Control and Prevention ("CDC") inspected Defendant's vessel and found several health and safety deficiencies inherent to the cause of the *Salmonella* infection that Plaintiff acquired aboard the vessel.

20. On January 8, 2020, Centers for Disease Control and Prevention ("CDC") inspected again Defendant's vessel and found similar health and safety deficiencies inherent to the cause of *Salmonella* infection that Plaintiff acquired aboard the vessel.

21. Defendant and/or its agents, servants, and/or employees failed to comply with the requirements of the ''Cruise Vessel Security and Safety Act of 2010'' and/or those requirements included in the "Vessel Sanitation Program Operations Manual".

22. Plaintiffs have complied with all condition's precedent to the filing of this action, or those conditions have otherwise been excused, waived, or revoked.

## COUNT I – NEGLIGENCE

Plaintiffs reallege, adopt and incorporate by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24. Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances because it negligently failed to take those steps necessary to minimize, reduce or eliminate the risk of spreading of a *Salmonella* and/or an undetermined bacterial infection to the Plaintiff.

25. Plaintiff's injuries were due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

    a. At the time that the Plaintiff was aboard the vessel, Defendant failed to have in place and implement an adequate policy, procedure and/or protocol to ensure in a manner that employed reasonable due care under the circumstances that the food served to the Plaintiff was free from *Salmonella*.

    b. Defendant and/or its agents, servants, and/or employees failed to properly and timely diagnose, assess, treat and/or take either preventive and proactive necessary measures to minimize, reduce or eliminate the risks of spreading *Salmonella* to the Plaintiff.

    c. Defendant failed to adhere with the norms and protocols contained in the "Vessel Sanitation Program", that it assisted to create and formulate, especially, those included in section 4.0 Acute Gastroenteritis (AGE) Surveillance, 5.0 Potable Water; 6.0 Recreational Water Facilities (RWF), 7.0 Food Safety and 9.0 Housekeeping.

    d. Defendant failed to timely correct and/or failed to correct the CDC's health and safety deficiencies found at prior inspections which caused Plaintiff to acquire a *Salmonella* infection during his cruise vacation.

27. Defendant and/or its agents, servants, and/or employees' breaches of duty were the direct and proximate cause of injury and damage to the Plaintiff.

28. As a result of the negligent acts and/or omissions of Defendant, Plaintiff was injured, suffered severe physical pain, mental and emotional anguish, suffered loss of enjoyment of life, impairment, inconvenience in the normal pursuits of life, and other mental and/or nervous

disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries and suffered physical handicap. In addition, Plaintiff lost the benefit of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for him and his wife, as well as transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant, along with court costs, and demands trial by jury.

Dated this 15th day of December, 2020.

Respectfully submitted,

**CHARLIP LAW GROUP, LC**
*Counsel for Plaintiff*
999 Brickell Avenue
Suite 840
Miami, Florida 33131
Telephone: (305) 354-9313
Facsimile: (305) 354-9314
E-mail: dcharlip@charliplawgroup.com
assistant@chalriplawgroup.com


By:    */s/ David H. Charlip, B.C.S.*
         David H. Charlip, B.C.S.
         Florida Bar No.: 329932